# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:04-cv-00589-RCJ-LRL |
| v. ) | |
| ) | **O R D E R** |
| R.D. PRABHU, M.D., and R.D. PRABHU- ) LATA SHETE, M.D.'S, LTD., ) | |
| Defendants. ) | |

Before the court is defendant's Application for Attorney's Fees and other Expenses (#69), defendant's Amended Application for Attorney's Fees and Other Expenses (#84), the Government's respective Oppositions (##85,86), and defendant's Joint Reply (#89). The court has also considered the Government's Supplemental Authority (##94,95), defendant's Notice of Additional Authority (#96), and the Government's Opposition (#97).

Defendant R.D. Prahbu-Lata Shete, M.D.'s, Ltd. (the "Shete Corporation") seeks an award of costs and attorneys' fees in the amount of $841,337.42 pursuant to the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412 (2006); *see also* 31 U.S.C. § 3730(g) (2006) (providing that EAJA fees are available in False Claims Act action). The Shete Corporation argues that, as a prevailing party, it is entitled to fees under the EAJA because the Government acted without substantial justification in bringing and perpetuating the underlying False Claims Act ("FCA") litigation. The Government responds that the fee application should be denied in its entirety because, among other reasons, the Shete Corporation is ineligible for fees under the EAJA, and the Government's position in the underlying litigation was substantially justified.

. . .

## I. Background

On May 6, 2004, the Government filed its initial complaint against defendant R.D. Prabhu, M.D. ("Dr. Prabhu"). (Compl. (#1).) In the complaint, the Government alleged that during the relevant time period, from January 1, 1998 to February 2, 2004, pulmonary rehabilitation, which consists of physical exercises by the patient to increase the functional capacity of the patient's lungs, was not a covered benefit under Medicare. (*Id.* at ¶ 13.) The Government further contended that Dr. Prabhu, knowing that pulmonary rehabilitation was not covered under Medicare, unlawfully billed for a simple pulmonary stress test, under CPT 94620, instead. (*Id.* at ¶ 16.)

In February 2005, the Government filed its first amended complaint. (First Am. Compl. (#3).) In this complaint, the Government added two allegations to its initial contentions that Dr. Prabhu breached the FCA by billing for CPT 94620 when in fact he provided non-covered pulmonary rehabilitation services. First, the Government alleged that Dr. Prabhu did not appropriately bill for a simple pulmonary stress test under Code 94620, because a physician could only bill for this code if he performed a pre and post-exercise spirometry and also prepared a written physician report interpreting the results of these services. (*Id.* at ¶ 13.) Second, the Government contended that Dr. Prabhu failed to properly document the medical necessity of services to some of his patients. (*Id.* at ¶ 14.) The Amended Complaint also contended that Dr. Prabhu had been unjustly enriched by his allegedly unlawful behavior. (*Id.* at ¶ 25.)

On November 9, 2005, defendants filed a Motion for Summary Judgment to Dismiss the Government's Claim that Defendants Were Unjustly Enriched (#40), a Motion for Summary Judgment on the Government's Claims that Defendants' Medical Services were not Medically Necessary and Indicated (#41), and a Motion for Summary Judgment on the Government's Claim that Defendants' Simple Pulmonary Stress tests Violated the False Claims Act (#42). After a February 27, 2006 hearing, the court granted all three motions. (Order (#67).) The Shete Corporation subsequently filed the instant EAJA fee applications. (##69,84.)

. . .

## II. Entitlement to Fees under the EAJA

The EAJA authorizes the payment of fees and other expenses to a prevailing party in an action against the United States absent the government's showing that its position in the underlying litigation was "substantially justified." § 2412(d)(1)(A). "Fees and other expenses" includes "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ." § 2412(d)(2)(A). The statute directs that a party seeking EAJA fees must demonstrate (1) it is a "prevailing party"; (2) it meets the financial eligibility condition; and (3) "the amount sought, including an itemized statement from an attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed." § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004) (reciting EAJA fee application requirements). It further requires a party seeking EAJA fees to "allege that the position of the United States was not substantially justified." § 2412(d)(1)(B).

### A. Prevailing Party

A "prevailing party" under the EAJA is one who "has achieved a judicially-sanctioned material alteration of the legal relationship between the parties." *McKay v. Barnhart*, 327 F. Supp. 2d 263, 266 (S.D.N.Y. 2004) (citing *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003)). In *Poole v. Rourke*, the District Court held that, based on an order granting summary judgment, plaintiff clearly prevailed on all "significant issues" in the litigation and, as such, was the "prevailing party" for EAJA purposes. 779 F. Supp. 1546, 1562 (E.D. Cal. 1991). In its July 20, 2006 Order (#67), the court granted defendant's Motion for Summary Judgment on the Government's Claims that Defendants' Simple Pulmonary Stress Tests Violated the False Claims Act (#40), Motion for Summary Judgment on the Government's Claims that Defendants' Medical Services were not Medically Necessary and Indicated (#41), and Motion for Summary Judgment to Dismiss the Government's Claim that Defendants were Unjustly Enriched (#42). The Government's claims against it having been extinguished, the Shete Corporation became a prevailing party under the EAJA.

**B. Financial Eligibility to Receive Fee Award**

The Shete Corporation maintains it is financially eligible to receive a fee award under the EAJA because its net worth was less than $7 million at the time the FCA action was filed against it. (Mot. (#69) at 11.) The Government, on the other hand, claims that the real party in interest in the underlying litigation is Dr. Prabhu and that, since Dr. Prabhu's net worth was greater than $2 million at the time the Government filed its FCA action, neither he nor the Shete Corporation is eligible for fees under the statute. (Opp'n (#85) at 12-14.) The Government also contends that the Shete Corporation's fee application must be denied due to its failure to demonstrate net worth using generally accepted accounting principles ("GAAP"). (*Id.* at 12.) In its Reply, the Shete Corporation asserts its net worth has been appropriately established by subtracting total liabilities from total assets, using "cash basis" accounting. (Reply (#89) at 8.) It also argues that it is the real party in interest, as it bore the full cost of litigation. (*Id.* at 9-10.)

A corporation is eligible for attorney's fees if its "net worth . . . did not exceed $7,000,000 at the time the civil action was filed, and [if it had no] more than 500 employees at the time the civil action was filed . . . ." § 2412(d)(2)(B)(ii).[1] The text of the EAJA, however, does not define "net worth" or give instructions on how to calculate an applicant's net worth; the statute merely provides that an award of EAJA fees is dependent upon one's net worth falling below the statutory maximum. § 2412(d)(2)(B). The courts have found, however, that GAAP should be adhered to when determining a party's net worth for EAJA fee purposes. For example, the Seventh Circuit acknowledged Congress's failure to define net worth, and opined:

> If [Congress] had thought about the question, it would have wanted the courts to refer to generally accepted accounting principles. What other guideline could there be? Congress would not have wanted us to create a whole new set of accounting principles just for use in cases under the Equal Access to Justice Act.

*Cont'l Web Press, Inc. v. NLRB*, 767 F.2d 321, 323 (7th Cir. 1985), *disapproved on other grounds by*

---

[1] The Government appears to concede that the Shete Corporation had no more than 500 employees at the time the instant FCA action was filed.

1  *Comm'r v. Jean*, 496 U.S. 154, 157 n.5 (1990); *see also Am. Pac. Concrete Pipe Co. v. NLRB*, 788 F.2d
2  586, 590-91 (9th Cir. 1988) (agreeing with *Cont'l Web Press*, *supra*). More recently, the Fourth Circuit
3  confirmed that GAAP applies to the EAJA. *Broaddus v. United States Army Corps of Eng'rs*, 380 F.3d
4  162, 167 (4th Cir. 2004) (citing *Shooting Star Ranch, LLC v. United States*, 230 F.3d 1176, 1178 (10th
5  Cir. 2000) ("[G]enerally accepted accounting principles apply to the [EAJA] net worth inquiry.")); *see
6  also Kuhns v. Bd. of Governors of Fed. Reserve Sys.*, 930 F.2d 39, 41 (D.C. Cir. 1991) (applying GAAP
7  to EAJA); *City of Brunswick, Ga. v. United States*, 849 F.2d 501, 503 (11th Cir. 1988) (holding GAAP
8  applies to EAJA).

9        The Shete Corporation correctly calculated its net worth by subtracting total liabilities from total
10 assets. (#74 at 9 n.2.) *See Broaddus*, 380 F.3d at 167 (stating that net worth is calculated by subtracting
11 total liabilities from total assets). However, it utilized "cash basis" accounting in doing so. (*Id.*) This
12 accounting method does not comply with GAAP guidelines, practices and procedures. *See* 4-34 Paul
13 Munter & Thomas A. Ratcliffe, *Applying GAAP and GAAS* § 34.03 (2007) ("Accountants are often
14 associated with financial statements prepared on a comprehensive basis of accounting other than
15 GAAP–most notably, statements prepared on a cash basis. When an accountant is associated with such
16 statements, he/she should issue a disclaimer of opinion."); *see also* Munter & Ratcliffe, *supra* at §
17 35A.01 ("Cash basis statements are less costly because the detailed records needed to comply with
18 GAAP reporting are unnecessary."); Financial Accounting Standards No. 106: Employers' Accounting
19 for Postretirement Benefits Other Than Pensions (1990), *available at*
20 http://www.fasb.org/st/summary/stsum106.shtml ("[Statement No. 106] relies on a basic premise of
21 generally accepted accounting principles that accrual accounting provides more relevant and useful
22 information than does cash basis accounting."). Accordingly, the Shete Corporation has failed to satisfy
23 the financial eligibility requirement of section 2412(d)(1)(B). *See Am. Pac. Concrete Pipe Co.*, 788
24 F.2d at 590-91.

25       The court believes, however, that the Shete Corporation should be given an opportunity to
26 demonstrate its net worth by using the accounting approach that the courts generally require, *i.e.*, in

5

accordance with generally accepted accounting principles. The court recognizes, of course, that a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Consequently, some informality of proof is appropriate . . . ." *United States v. 88.88 Acres of Land*, 907 F.2d 106, 108 (9th Cir. 1990). In this regard the Fourth Circuit provides some guidance:

> We . . . hold that a district court is capable of determining an applicant's net worth based upon a sworn affidavit by the applicant's CPA, provided that the affidavit includes documentation of the applicant's liabilities and assets. If the CPA's affidavit allows the court to subtract liabilities from assets, thereby enabling the court to determine the applicant's net worth, then no further documentation is required.

*Broaddus v. United States Army Corps of Eng'rs*, *supra*, 380 F.3d at 169. *See also United States v. 88.88 Acres of Land*, 907 F.2d at 108 (financial statements qualified by applicant's accountant who swore under penalty of perjury that balance sheets reflected applicant's true net worth constitutes sufficient showing under EAJA).

The court will therefore allow the Shete Corporation to supplement its fee application, the Government to respond, and the Shete Corporation to reply to the Government's response.[2]

**C. Statement of Amount Sought**

As noted above, a party seeking fees under the EAJA must provide a statement of the amount sought, with an accompanying itemization from an attorney "stating the actual time expended and the rate at which fees and other expenses were computed." § 2412(d)(1)(B). The "itemized statement" must be sufficiently detailed to show "specific tasks performed." *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404 (Fed. Cir. 1987). It must describe the number of hours and the billing rate for each item of attorney time. *Cox Constr. v. United States*, 17 Cl. Ct. 29, 34 (Ct. Cl. 1989). Further, the descriptions provided must permit the court to separate compensable time (here, time spent on the

---

[2] Even if the court were to determine that Dr. Prahbu, as opposed to the Shete Corporation, were the real party in interest and therefore subject to the EAJA financial eligibility condition (*i.e.*, net worth limitation), the record demonstrates, and it is uncontested, that Dr. Prahbu is not a "party" as defined by section 2412(d)(2)(B)(i). (Exh. 19 to Opp'n (#85)) Hence, under the statute fees may not be awarded to Dr. Prahbu.

6

underlying FCA action) from any non-compensable time. *Id.*

The Shete Corporation has provided the court with a statement of amount sought with a detailed itemization of professional services rendered in the FCA litigation. (Exh. J,K to Mot. (#69));(Exh. A-C to Amend. Mot. (#84).) The Government does not contest the Shete Corporation's compliance with this requirement, with the exception of pointing out that certain "professional" and "consultant" services billed are not adequately described. (Opp'n (#85) at 25);(Exh. K to Mot. (#69) at 34-9). While the court agrees with the Government in this respect, *see Scherr v. Constr. Co. v. United States*, 26 Cl. Ct. 248, 250 (Cl. Ct. 1992) (stating that itemization requirement applies to claims for expert consultant fees) (citation omitted), it finds that such itemization defects are likely curable. As put in *Cox*, "it would be unfair to dismiss [the fee] application in toto at this stage on itemization grounds." 17 Cl. Ct. at 34. Accordingly, the Shete Corporation may cure the above itemization defects when it submits an amended fee application pursuant to Part B above.

### D. Substantially Justified

In a June 12, 2007 Minute Order (#100), the Honorable Robert C. Jones, U.S. District Judge, concluded that the record established that plaintiff was not substantially justified in taking the position that Dr. Prabhu violated the FCA. The undersigned Magistrate Judge is bound by Judge Jones's finding. *See Randolph v. Oxmoor House, Inc.*, 2002 U.S. Dist. LEXIS 26288, at *3 (W.D. Tex. July 18, 2002) (recognizing United States Magistrate Judge bound to follow prior decision of a District Judge in the same district). Accordingly, the issue of substantial justification is foreclosed from review.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Application for Attorney's Fees and Other Expenses (#69) is denied without prejudice to file within thirty (30) days of entry of this Order a supplement to its amended EAJA fee application with a sworn affidavit by defendant's certified public accountant that includes a balance sheet prepared in conformance with generally accepted accounting principles. The Government shall have fifteen (15) days thereafter in which to respond to the supplement to the amended EAJA fee application. Defendant shall have eleven (11) days in which to reply to the

Government's response.

IT IS FURTHER ORDERED that defendant shall include with its amended EAJA fee application a detailed itemization of all costs associated with expert consultant services.

DATED this 23rd day of October, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**